# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jessie Lewis,  )  No. CV 10-8060-PCT-MHM (DKD)
)
      Plaintiff,  )  **ORDER**
)
vs.  )
)
Director Charles Lee Ryan, et al.,  )
)
      Defendants.  )
)

On April 16, 2010, Plaintiff Jessie Lewis, who is confined in the Arizona State Prison Complex-Picacho in Picacho, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*. The Court will give Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

**I.  Letter**

On April 16, 2010, Plaintiff filed a Letter (Doc. #3) addressed to the Clerk of Court. In his Letter, Plaintiff states:

> I am in pursue of an civil action which had to request access to my retention money which I have the filing fee, Arizona Department of Correction has a Dept Order 905 policy(Attachment J) that allow inmate use of their retention money.
>
> I was "<u>denyed</u>" due to not having a Court order.

> The only other thing I could do is send my Complaint out that
> way I could recieve a Court Order for release of $350.00 off my
> retention funds for this purpose.

(Errors in original.)

First, it is improper for a party to communicate directly with court personnel. Simply mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that is in the format required by the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will not be filed, will be stricken from the record, and will be returned to Plaintiff.

Second, the Clerk of Court construed this Letter as motion for leave to proceed *in forma pauperis*. Because the Letter is not a motion for leave to proceed, the Court will direct the Clerk of Court to modify the docket to reflect that the Letter is a letter, and not a motion.

Third, it is unclear what relief, if any, Plaintiff is requesting in his Letter.[1]

## II. Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial

---

[1] Exhibit J (Doc. #1-1, p.16) includes a portion of Arizona Department of Corrections Department Order 905, but simply indicates that an inmate "may gain access to their retention account for emergency purposes at the sole discretion of the Director or designee."

partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

Because Plaintiff has not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*, Plaintiff will be permitted 30 days from the filing date of this Order to submit a properly executed and certified Application to Proceed *In Forma Pauperis*, using the form included with this Order, or pay the $350.00 filing fee.

The Arizona Department of Corrections (ADOC ) has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central Office. *Accordingly, Plaintiff must obtain the certified copy of his ADOC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADOC's Central Office.*

**III. Warnings**

   **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must **modify** the docket to reflect that Document #3 is a **Letter** and not a motion for leave to proceed *in forma pauperis*.

(2) Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(3) If Plaintiff fails to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

DATED this 28th day of April, 2010.

_____
Mary H. Murguia
United States District Judge