# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jessie Lewis,  )  No. CV 10-8060-PCT-MHM (DKD)
　　　　　Plaintiff,  )  **ORDER**
vs.  )
Director Charles Lee Ryan, et al.,  )
　　　　　Defendants.  )

On April 16, 2010, Plaintiff Jessie Lewis, who is confined in the Arizona State Prison Complex-Picacho in Picacho, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Letter. In an April 28, 2010 Order, the Court noted that Plaintiff had not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*. The Court gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.

On May 3, 2010, Plaintiff paid the filing fee. In a May 20, 2010 Order, the Court dismissed the Complaint because Plaintiff had failed to comply with Local Rule of Civil Procedure 3.4(a). The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 28, 2010, Plaintiff filed his First Amended Complaint (Doc. #8). The Court will dismiss the First Amended Complaint with leave to amend.

. . . .

. . . .

**JDDL-K**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

1 required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## II. First Amended Complaint

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his one-count First Amended Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Charles Lee Ryan, Complex Warden John Palosaari, Assistant Deputy Warden David Rempel, and Correctional Officer IV/Counselor W. Mooney.

Plaintiff alleges that Defendants violated his First Amendment right to the free exercise of religion because they denied Plaintiff's request to use his retention funds to make a donation to a religious charity. Plaintiff contends that Defendants (1) violated ADOC Departmental Orders when they "denied Plaintiff[']s request for religious requirement of charity"; (2) approved a "request for retention funds to be use improperly, for Special Olympics charity event that violated Dept Order[s]," but denied Plaintiff's request to use his retention funds to make a donation to a religious charity; and (3) imposed a substantial burden on Plaintiff by preventing him from performing a requirement of his religion–practicing charity.

In his Request for Relief, Plaintiff seeks monetary damages and reasonable attorney's fees.

## III. Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.

1 | Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant substantially burdened the practice of the plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interest. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). Plaintiff's vague and conclusory allegations fail to address whether Defendants' refusal to allow Plaintiff to use his retention funds to make a donation to a religious charity was supported by a justification that was reasonably related to a legitimate penological interest. Moreover, it does not appear that Defendants "substantially burdened" Plaintiff's religious obligation to practice charity—he was apparently not precluded from using his retention funds to make some charitable donations. Thus, Plaintiff has failed to state a First Amendment, free-exercise-of-religion claim, and the Court will dismiss Plaintiff's First Amended Complaint.

## IV.  Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

JDDL-K

- 4 -

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik, 963 F.2d at 1262; Hal Roach Studios, 896 F.2d at 1546. After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

## C. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. #8) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 9th day of June, 2010.

Mary H. Murguia
United States District Judge