**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Jessie Lewis, | ) | No. CV 10-8060-PCT-MHM (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Director Charles Lee Ryan, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 16, 2010, Plaintiff Jessie Lewis, who is confined in the Arizona State Prison Complex-Picacho in Picacho, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Letter. In an April 28, 2010 Order, the Court noted that Plaintiff had not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*. The Court gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.

On May 3, 2010, Plaintiff paid the filing fee. In a May 20, 2010 Order, the Court dismissed the Complaint because Plaintiff had failed to comply with Local Rule of Civil Procedure 3.4(a). The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 28, 2010, Plaintiff filed his First Amended Complaint. In a June 11, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On June 30, 2010, Plaintiff filed a Second Amended Complaint (Doc. #10). The Court will dismiss the Second Amended Complaint and this action.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Charles Lee Ryan,

Complex Warden John Palosaari, Deputy Warden David Rempel, and Correctional Officer IV W. Mooney.

In Count One, Plaintiff alleges that Defendants denied him his First Amendment right to the free exercise of his religion because they denied his requests to use his retention funds to make a donation to a religious charity of his choice and to purchase a dictionary. Plaintiff claims that ADOC had permitted inmates to use their retention funds to purchase pies for a Special Olympics fundraiser and that ADOC "obviously" benefitted from the fundraiser. However, Defendants denied Plaintiff's request to use his retention funds to make a charitable donation to a charity of his choice and to purchase an 8-volume "Arabic-English Lexicon." Defendants informed Plaintiff that inmates can use their retention account funds for emergency purposes at the sole discretion of the ADOC Director or his designee and that Plaintiff should use his spendable account funds to make the donation or to purchase the dictionary. Plaintiff asserts that Defendants "suppressed [his] ability to donate money, which is a documented religious belief our religion holds strongly to."

In Count Two, Plaintiff alleges that Defendants Mooney and Ryan retaliated against him for exercising his First Amendment rights. Plaintiff asserts that he was transferred from one prison unit to another because he filed a grievance, that his transfer was "not for misconduct or for a proper administrative purpose," and that, as a result of the transfer, he lost his high paying job and was given a lower paying job. However, Plaintiff claims that Defendant Ryan, in denying Plaintiff's Inmate Grievance Appeal, stated that "Central Office Classification moved you to Picacho Unit base[d] on Departmental need, not retaliation as you have alleged" and that Plaintiff was on a waiting list for a higher paying job.

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and attorney's fees.

**III.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,

a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

## A. Count One

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant substantially burdened the practice of the plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interest. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). First, Defendants did not substantially burden Plaintiff's religious obligation to practice charity—he was not precluded from using his retention funds to make some charitable donations and was not precluded from using his spendable account funds to make charitable donations to charities of his choice. Second, Plaintiff does not allege that Defendants' denial of his request to purchase a dictionary prevented him from engaging in a sincerely held religious belief. Plaintiff has failed to state a First Amendment, free-exercise-of-religion claim, and, therefore, the Court will dismiss Count One.

## B. Count Two

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff has failed to state a First Amendment retaliation claim because he has failed to demonstrate that his grievances were a substantial or motivating factor behind his transfer. To the contrary, it appears that he was transferred based on ADOC departmental needs, not because he filed a grievance. Moreover, Plaintiff has made only conclusory allegations that Defendants Mooney and Ryan were "responsible" or "had a personal role" in his transfer. He has not alleged any specific conduct by either Defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Thus, the Court will dismiss Count Two.

## IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. #10) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

1    (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

2 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

3 decision would not be taken in good faith.

4    DATED this 9th day of July, 2010.

5

6

7
_____

8
Mary H. Murguia
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28