WO                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jessie Lewis,                          )   No. CV 10-8060-PCT-MHM (DKD)
                                       )
       Plaintiff,             )   **ORDER**
                                       )
vs.                                    )
                                       )
Director Charles Lee Ryan, et al.,     )
                                       )
       Defendants.            )
_____)

**I.     Background**

In a July 14, 2010 Order, the Court dismissed Plaintiff's Second Amended Complaint because Plaintiff had failed to state a claim upon which relief could be granted. The Court dismissed the Second Amended Complaint without leave to amend, finding that further opportunities to amend would be futile. The Clerk of Court entered Judgment on July 14, 2010.

On August 2, 2010, Plaintiff filed a "Motion for Relief from Judgment or Order" (Doc. 13), pursuant to Rule 60(b)(1) or (b)(6) of the Federal Rules of Civil Procedure.

**II.    Discussion**

It is within the Court's discretion to grant or deny a Rule 60(b) motion. Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004). On "just terms," a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect" or because of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b)(6) only applies in "extraordinary circumstances" and "has been used sparingly

as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservation Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

Plaintiff asserts that his Complaint and Amended Complaints were submitted with "mistakes, inadvertently and with excusable neglect." He contends that he has contacted "a legal advocate service, which can facilitate the Court['s] need for a moving document allowing a claim to be stated." Plaintiff states that he will provide a claim that Defendant Ryan placed a substantial burden on the practice of Plaintiff's religion and that there was no compelling governmental interest to restrict Plaintiff's religious practice. Plaintiff contends that he will assert that the Arizona Department of Corrections changed its policy to exclude religious groups from receiving disbursements from inmate retention funds.

The Court has reviewed Plaintiff's Second Amended Complaint, the Court's July 14th Order, and Plaintiff's Motion for Relief from Judgment or Order. Plaintiff has not demonstrated mistake, inadvertence, surprise, or excusable neglect, or that extraordinary circumstances exist that would justify relief. Thus, the Court, in its discretion, will deny Plaintiff's Motion.

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment or Order (Doc. 13) is **denied**. This case must remain **closed**.

DATED this 10th day of August, 2010.

_____
Mary H. Murgula
United States District Judge